**Kathleen NICKERSON, Plaintiff-Appellee-Cross Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant-Appellee,**

**Sara Nickerson, Defendant-Appellant-Cross Appellee.**

**No. 30317**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1971.

Rehearing Denied Feb. 18, 1971.

---

\* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

\* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F. 2d 409.

52(a) Fed.R.Civ.P., and we are unable to give meaningful review to the judgment.

The judgment must be vacated and the cause remanded for entry of findings of fact and conclusions of law, to include, *inter alia*:

(1) Admissibility into evidence of interrogatories and answers.

(2) The evidentiary support for the conclusion that Symington-Wayne was agent for Travelers.

(3) Whether a written request was required of Giles W. Nickerson in order to effect a change of beneficiary, and if so whether such request was made. If required but not made, may such request be waived, and by whom, and was there a waiver in this instance.

(4) The effect of the decree of divorce between Giles W. Nickerson and Sara Nickerson.

The costs shall be divided equally between Sara Nickerson and Kathleen Nickerson.

Vacated and remanded for further proceedings not inconsistent with this opinion.

---

Rufus S. Garrett, Jr., Fort Worth, Tex., Garrett, Garrett & Callaway, Fort Worth, Tex., of counsel, for appellant Sara Nickerson.

John A. Gilliam, C. Robert Rainwater, Dallas, Tex., for Travelers Ins. Co.

Joe Hill Jones, Ben T. Warder, Jr., Dallas, Tex, for Kathleen Nickerson.

Thompson, Knight, Simmons & Bullion, Dallas, Tex., for cross-appellee.

Carter, Gallagher, Jones & Magee, Dallas, Tex., for plaintiff-cross-appellant.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

In this non-jury case the District Court did not find the facts specially and state separately its conclusion of law thereon as required by Rule